### In re MERRELL and others, Bankrupts.

*(District Court, N. D. New York. March, 1884.)*

BANKRUPTCY—DEBTS CONTRACTED BY BANKRUPT AFTER PROCEEDINGS COMMENCED.
A debt contracted by a bankrupt subsequently to the commencement of proceedings against him cannot be proved in bankruptcy.

This is an appeal from a decision of the register sustaining certain proofs of debt. The petition in bankruptcy was filed November 13, 1873. On the twenty-sixth of the same month the bankrupts contracted the indebtedness in question. The adjudication was dated February 27, 1874. The proofs of debt were made February 13, 1875. The creditors contend that their proofs should stand, for the reason that the indebtedness upon which they are founded was due and payable at the time of the adjudication. The assignee insists that they should be expunged because the indebtedness was contracted subsequently to the proceedings in bankruptcy.

*Charles F. Durston*, for assignee.

*Theodore M. Pomeroy*, for creditors.

COXE, J. Section 5067 of the Revised Statutes provides: "That all debts due and payable from the bankrupt at the time of the commencement of the proceedings in bankruptcy * * * may be proved against the estate of the bankrupt." The proceedings are commenced (section 4991) when the petition is filed. These provisions were in force at the time the proofs in this matter were presented to the register. The indebtedness upon which the proofs are founded was not contracted until 13 days after the proceedings were commenced. The conclusion follows, therefore, that the proofs should not be permitted to stand. Even before the Revised Statutes, and before the substitution of the words "commencement of proceedings in bankruptcy" for the words "adjudication of bankruptcy" in section 19 of

the bankrupt law, the weight of authority favored a construction limiting the proof of debts to those existing at the time of filing the petition.

The proofs should be expunged.